J-S05019-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ROBERT HABERMAN | : | |
| | : | |
| Appellant | : | No. 1465 MDA 2019 |

Appeal from the PCRA Order Entered August 9, 2019,
in the Court of Common Pleas of Franklin County,
Criminal Division at No(s): CP-28-CR-0000076-2012.

BEFORE: SHOGAN, J., KUNSELMAN, J., and MUSMANNO, J.

MEMORANDUM BY KUNSELMAN, J.: **FILED APRIL 17, 2020**

Robert Haberman appeals from the order denying his petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1] We affirm.

Haberman sexually abused his stepdaughter from approximately 2001 to 2007. In 2012, when the abuse was reported, police charged Haberman with rape by forcible compulsion and other sex crimes. In 2014, Haberman entered a negotiated guilty plea to one count of rape by forcible compulsion. The trial court deferred sentencing pending an assessment of Haberman by the Sexual Offenders Assessment Board ("SOAB"), and a sexually violent predator ("SVP") hearing. In 2015, the trial court determined that Haberman is an SVP and sentenced him to five to ten years of incarceration for rape. This Court affirmed Haberman's judgment of sentence, and our Supreme

---

[1] *See* 42 Pa.C.S.A. §§ 9541-9546.

Court denied allowance of appeal on March 23, 2016. *See Commonwealth v. Haberman*, 134 A.3d 101 (Pa. Super. 2015) (unpublished memorandum), *appeal denied*, 135 A.3d 583 (Pa. 2016).

In 2018, Haberman filed a *pro se* motion to revoke his SVP designation. The lower court treated that filing as a PCRA petition.[2] The PCRA court appointed Haberman counsel, who filed an amended PCRA petition challenging the constitutionality of his designation as an SVP. The PCRA court issued notice of its intent to dismiss the petition without a hearing. Haberman filed a response to the notice. The PCRA court conducted a hearing on the petition. Thereafter, the parties submitted additional briefing on the issue. On August 9, 2019, the PCRA court dismissed the petition on the basis that it was untimely and the court lacked jurisdiction to address the claim. Haberman filed a timely notice of appeal, and both he and the PCRA court complied with Pa.R.A.P. 1925.

Haberman raises the following issue for our review: "Did the PCRA court err in denying [Haberman's] amended motion for [PCRA] relief . . . on jurisdictional grounds?" Haberman's Brief at 8 (some capitalization omitted).

Pursuant to our standard of review:

> We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it

---

[2] *See Commonwealth v. Taylor*, 65 A.3d 462, 466 (Pa. Super. 2013) (holding that all motions filed after a judgment of sentence has become final are to be construed as PCRA petitions).

is supported by evidence of record and is free of legal error. This Court may affirm a PCRA court's decision on any grounds if the record supports it. Further, we grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions. Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review plenary.

*Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

Under the PCRA, any petition "shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S.A. § 9545(b)(1). A judgment becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." *Id*. § 9545(b)(3); *see also* U.S.Sup.Ct.R. 13.1. The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. *Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010). However, Pennsylvania courts may consider an untimely PCRA petition if the petitioner can explicitly plead and prove one of the three exceptions set forth under 42 Pa.C.S.A. § 9545(b)(1).

It does not appear from the record that Haberman sought review in the Supreme Court of the United States. Accordingly, his judgment of sentence became final on June 21, 2016, which was 90 days after the Pennsylvania Supreme Court denied his petition for allowance of appeal and his time for

filing a petition for writ of *certiorari* to the United States Supreme Court expired.[3] **See** U.S.Sup.Ct.R. 13.1. Haberman therefore had until June 21, 2017, to file the instant petition. However, he did not do so until September 20, 2018.

In the PCRA court, Haberman acknowledged that his petition was facially untimely, since it was filed beyond the PCRA's one-year time bar. However, Haberman argued that he satisfied the timeliness exception provided by § 9545(b)(1)(iii), which permits a PCRA court to consider an untimely petition if the petitioner alleges and proves that "the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively." 42 Pa.C.S.A. § 9545(b)(1)(iii). Specifically, Haberman argued in his petition that he was entitled to PCRA relief based on the holdings of **Commonwealth v. Muniz**, 164 A.3d 1189 (Pa. 2017) (holding that the registration provisions of Pennsylvania's Sex Offender Registration and Notification Act ("SORNA"), 42 Pa.C.S.A. §§ 9799.10-9799.41, are punitive, and that retroactive application of those provisions violates federal and *state ex post facto* clauses), and

---

[3] We note that, in its opinion, the PCRA court incorrectly stated several critical dates, including the date on which our Supreme Court denied allowance of appeal. **See** PCRA Court Opinion, 8/9/19, at 2. Consequently, the PCRA court incorrectly calculated the date on which Haberman's judgment of sentence became final. **See id**. Despite this miscalculation, however, the PCRA court correctly found the PCRA petition untimely.

*Commonwealth v. Butler*, 173 A.3d 1212 (Pa. Super. 2017) (holding that the portion of SORNA that permits a trial court to find a defendant to be an SVP by clear and convincing evidence is unconstitutional, and that trial courts can no longer designate defendants as SVPs or hold SVP hearings until our General Assembly enacts a constitutional designation mechanism).

Haberman concedes that, at the time he filed his *pro se* petition on September 20, 2018, the PCRA required that any petition invoking the newly-recognized constitutional right exception to the timeliness requirement "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2) (effective until December 23, 2017). As *Muniz* was decided on July 19, 2017, and *Butler* was decided on October 31, 2017, Haberman recognizes that his petition was filed beyond the sixty–day time period provided by the then-applicable version of § 9545(b)(2).

Nevertheless, Haberman claims that his petition was not untimely. He points out that § 9545(b)(2) was amended, effective December 24, 2017, to extend the time period in which to file a petition asserting a newly recognized constitutional right from sixty days to one year. He claims that, because his petition was filed within one year of the *Butler* decision, his petition is timely pursuant to the amended version of § 9545(b)(2). He additionally points out that our Supreme Court has accepted review of *Butler* but has not yet rendered a decision in that case. Haberman posits that, should our Supreme Court affirm this Court's ruling in *Butler*, the "recognized date" of his averred constitutional right would be the date of a decision by the Supreme Court.

Finally, Haberman acknowledges that, in order for him to invoke a newly-recognized constitutional right, it must be held to apply retroactively by either the United States Supreme Court or the Pennsylvania Supreme Court. *See* 42 Pa.C.S.A. § 9445(1)(iii). He claims that, in ***Commonwealth v. Rivera-Figueroa***, 174 A.3d 674 (Pa. Super. 2017), this Court ruled that ***Muniz*** announced a new constitutional right that applies retroactively to collateral review proceedings. He further argues that the Pennsylvania Supreme Court has implicitly recognized that ***Muniz*** applies retroactively by vacating this Court's decision in ***Commonwealth v. Polzer***, 153 A.3d 1116 (Pa. Super. 2016), *allocatur granted in part and denied in part*, 182 A.3d 431 (Pa. 2018) (granting review on the question of whether SORNA's internet notification provision and quarterly verification requirements violate due process and *ex post facto* clauses where the defendant is not an SVP).

The PCRA court considered Haberman's arguments, but ultimately determined that the petition was untimely filed and that Haberman failed to establish any exception to the PCRA's time bar. It reasoned as follows:

> [Haberman's] claim that the recent amendment of 42 Pa.C.S.A. § 9545(b)(2) is applicable to his PCRA claim is refuted by the text of 42 Pa.C.S.A. § 9545 and the text of Act 2018, P.L. 894, No. 146. First, the Superior Court's decision in ***Rivera-Figueroa*** does not trigger the timeliness exception laid out in the statute:
>
> > "[T]he right asserted is a constitutional right that was recognized ***by the Supreme Court of*** the ***United States or the Supreme Court of Pennsylvania*** after the time period provided in this section and has been held by that court to apply retroactively."

- 6 -

42 Pa.C.S.A. § 9545(b)(1)(iii) (emphasis added). [Haberman] has not averred that the Supreme Court of the United States or the Supreme Court of Pennsylvania has held that the constitutional right articulated in *Muniz* is to apply retroactively for collateral claims purposes. *Muniz*, 164 A.3d at 1218.

Second, Section 3 of Act 2018, October 24, P.L. 894, No 146 explicitly provides that "the amendment of subsec. (b)(2) by that Act [whereby the filing deadline for newly established constitutional rights was extended from 60 days to 1 year] shall apply to claims arising on Dec. 24, 2017 or thereafter." According to [Haberman's] theory, the Superior Court's decision in *Rivera-Figueroa* issued November 14, 2017, gave rise to [Haberman's] claim. This [c]ourt disagrees. The *Rivera-Figueroa* decision was issued prior to the December 24, 2017 date articulated in Section 3 of Act 2018 requiring the PCRA claim to be filed within 60 days of November 14, 2017 to meet the timeliness exception required to remain in keeping with [Haberman's] theory of timeliness. It is clear that even according to [Haberman's] erroneous legal theory that *Rivera-Figueroa* provides a timeliness exception for [him], the claim is still untimely.

PCRA Court Opinion, 8/9/19/ at 5-6 (emphasis in original).

We discern no abuse of discretion or error of law by the PCRA court in concluding that Haberman's petition is untimely, and that it lacked jurisdiction to address his claim because he did not satisfy any exception to the PCRA's one-year time bar. Although this Court ruled in *Rivera-Figueroa* that *Muniz* created a substantive rule that retroactively applies in the collateral context, such holding was limited to *timely-filed* PCRA petitions. *See Rivera-Figueroa*, *supra*. Haberman's petition was not timely filed; thus, *Rivera-Figueroa* does not apply.

Moreover, even if the ruling in *Rivera-Figueroa* applied to untimely filed PCRA petitions, it would afford Haberman no relief, as a ruling by this

Court is insufficient for purposes of 42 Pa.C.S.A. § 9545(b)(1)(iii). A newly recognized constitutional right must be held to apply retroactively by the United States Supreme Court or the Pennsylvania Supreme Court. *See id*. To date, our Supreme Court has not ruled that *Muniz* applies retroactively to untimely PCRA petitions. For this reason, this Court has held on multiple occasions that *Muniz* does not provide an exception to the PCRA's timeliness requirements. *See id.*; *see also Commonwealth v. Murphy*, 180 A.3d 402, 406 (Pa. Super. 2018) (holding that, because the Pennsylvania Supreme Court has not held that *Muniz* applies retroactively, appellant could not rely on *Muniz* to satisfy the PCRA's timeliness requirements).

Finally, with regard to Haberman's argument regarding *Butler*, we note that at the time he filed the instant appeal, our Supreme Court had granted allowance of appeal in *Butler* to address whether this Court erred in vacating the trial court's order finding the defendant to be an SVP by extrapolating the decision in *Muniz* to declare SVP hearings and designations unconstitutional. *See Butler*, 190 A.3d 581 (Pa. 2018). While this appeal was pending, however, our Supreme Court issued its opinion in *Butler*, wherein it determined that the registration requirements applicable to SVPs do not constitute criminal punishment, and reversed this Court's holding otherwise. *See Commonwealth v. Butler*, 2020 Pa. LEXIS 1692 (Pa. 2020). Thus, Haberman's reliance on this Court's ruling in *Butler* is moot.

In sum, because Haberman's PCRA petition was untimely filed, and he failed to satisfy any exception to the PCRA's time bar, the PCRA court patently

lacked jurisdiction to address it. **See Commonwealth v. Leggett**, 16 A.3d 1144, 1145 (Pa. Super. 2011) (holding that neither this Court nor the PCRA court has jurisdiction to address the merits of an untimely-filed petition); **see also Commonwealth v. Jackson**, 30 A.3d 516, 523 (Pa. Super. 2011) (holding that, where the petition was not timely filed, and the petitioner did not establish any of the statutory exceptions to § 9545, the PCRA court had no jurisdiction to offer any form of relief); **Commonwealth v. Jones**, 932 A.2d 179, 182 (Pa. Super. 2007) (holding that where a petitioner files an untimely PCRA petition raising a legality of sentence claim, the jurisdictional limits of the PCRA render the claim incapable of review). Having recognized its lack of statutory jurisdiction to grant Haberman relief, the PCRA court properly dismissed his petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 04/17/2020